# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## DAMON A. TATUM V. MERCEDEAS TATUM

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT00217508    Jerry Stokes, Judge**

**No. W2011-00637-COA-R3-CV - Filed February 9, 2012**

Because the order appealed is not a final judgment, we dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. HIGHERS, P.J.W.S., DAVID R. FARMER, J., AND HOLLY M. KIRBY, J.

Elbert Jefferson, Jr., Memphis, Tennessee, for the appellant, Mercedeas Tatum.

Gail Williams Horner, Germantown, Tennessee, for the appellee, Damon A. Tatum.

## MEMORANDUM OPINION[1]

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appeared that the Court does not have jurisdiction, because we could find nothing in the record reflecting that the trial court adjudicated the "Motion to Set Aside & Vacate Defendant Attorney Fee Lien of William M. Monroe" filed by Appellant Mercedeas A. Tatum on February 2, 2011. Moreover, three orders in the appellate record do not comply with Rule 58 of the Tennessee Rules of Civil

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Procedure,[2] because the orders were not signed by the *pro se* party, Mercedeas A. Tatum, and the orders did not bear signatures on the Certificates of Service.[3] Because these orders do not comply with Rule 58 of the Tennessee Rules of Civil Procedure, they are not "effective" and thus, the order appealed is not a final judgment.

By Order entered on September 26, 2011, this Court directed Appellant to obtain entry of a final judgment in the trial court within ten (10) days of the entry of that Order. Our Order further provided that, in the event that Appellant did not obtain entry of a final judgment within the time provided therein, Appellant had fifteen (15) days from the entry of that Order to show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment. Finally, our Order of September 26, 2011, stated "[f]ailure to respond to this order within the time provided herein could result in this appeal being dismissed without further notice."

On October 12, 2011, Appellant filed a response to our order in which she conceded that the "Motion to Set Aside & Vacate Defendant Attorney Fee Lien of William M. Monroe" had not yet been ruled upon by the trial court. Appellant requested that the Court stay the appeal for a period of sixty (60) days, so that the parties could conclude all remaining items in the trial court. The Court denied the request, however, by Order entered on October 14, 2011, for the Appellant's failure to comply with Rule 22 of the Tennessee Rules of Appellate Procedure. Our Order of October 14, 2011, also provided "[t]his Order should not be construed as preventing Appellant from filing another motion which fully complies with Rule 22 of the Tennessee Rules of Appellate Procedure."

As of this date, Appellant has not filed another motion requesting an extension of time to comply with our Order of September 26, 2011, and the Clerk of this Court has not received a certified, supplemental record.

---

[2] Rule 58 of the Tennessee Rules of Civil Procedure provides:

Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:
    (1) the signatures of the judge and all parties or counsel, or
    (2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
    (3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

Tenn. R. Civ. P. 58.

[3] Appellant appeared *pro se* in the trial court, but retained counsel for this appeal.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990). Because the order appealed in this matter is not a final judgment, we must dismiss this appeal for lack of jurisdiction.

## Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, Mercedeas Tatum, and her surety for which execution may issue if necessary.

**PER CURIAM**